HEGEDORN BROS. v. O'ROURKE et ux.

(Supreme Court, Appellate Term.    April 9, 1912.)

PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.

A seller, suing for the price of coal sold and delivered, who proved an acceptance by him of an order for coal given by the buyers, husband and wife, through a third person, who had for some time acted as agent on commission to obtain orders, a delivery to the buyers, who receipted for it through the wife, and the buyers' refusal to pay, stating, that they had paid the third person, established a prima facie case, in the absence of evidence that the third person had authority to collect for the seller.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 420–429; Dec. Dig. § 123.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Hegedorn Bros. against Charles O'Rourke and wife. From a judgment of the Municipal Court, dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Samuel Ecker, for appellant.
C. Arthur Arnstein, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J.　Plaintiff appeals from a judgment dismissing its complaint in an action brought to recover the value of a quantity of coal alleged to have been sold and delivered by plaintiff to defendants. The answer is a general denial, and an averment that the coal in question was purchased from one Schroeder, and that payment had been made to Schroeder therefor. Plaintiff proved the acceptance by it of an order for the coal given by defendants through Schroeder, who·had for several years acted as its agent, on commission, to obtain orders; that it delivered the coal directly to defendant Charles O'Rourke; that it was receipted for by the defendant Mary O'Rourke, wife of the defendant Charles O'Rourke, on printed receipts bearing plaintiff's name and business address; and that subsequently, on demand by plaintiff, defendants refused to pay for the coal, stating that they had paid Schroeder. No authority was shown in Schroeder to collect moneys for plaintiff. On this evidence, without requiring any proof for the defense, the court dismissed the complaint. The plaintiff having made out a prima facie case, this ruling was erroneous.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.